UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANNE CORDIER,<br><br>Defendant. | 3:22-CR-30066-RAL<br><br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING REDUCTION |

Defendant Anne Cordier pleaded guilty to conspiring to distribute 500 grams or more of a mixture containing methamphetamine. Docs. 32, 34. Cordier's conviction on that offense triggered a mandatory minimum 10-year sentence under 21 U.S.C. § 841(b)(1)(B). This Court sentenced Cordier in August 2023 to 120 months' imprisonment. Docs. 47, 48. Cordier is serving her sentence at Carswell Federal Medical Center presently, with a projected release date of December 15, 2031. See www.bop.gov/inmateloc (Federal Register No.: 12029-510). Cordier filed a pro se motion for sentence reduction asserting that she is a zero-point offender. Doc. 50.

Cordier's guidelines range, based on a total offense level of 33 and a Criminal History Category of I, was 135 to 168 months. Cordier received pounds of methamphetamine mailed to her from California. A postal inspector intercepted one such package in April of 2022, resealed it after testing its contents and determining that the package contained methamphetamine, and observed Cordier pick up the package and take it with her. Cordier shortly thereafter was arrested and, to her credit, admitted to receiving packages of methamphetamine, including expecting that

particular package to contain one pound (453.6 grams) of methamphetamine. Cordier consented to a search of her home where, among other relevant items, law enforcement seized a Beemiller Incorporated model 9x19 millimeter Luger caliber semi-automatic rifle and 9 millimeter ammunition, as well as $11,935 in United States currency and 582.9 grams of methamphetamine with purity levels ranging from 97% to 98%. Doc. 42 at 4-8.

Cordier's presentence investigation report assigned to her no criminal history points. Doc. 42 at 10. She had Rosebud Sioux Tribal Court convictions after pleading "no contest" on July 28, 2021, to possession of contraband in a correctional facility, possession of a controlled substance, possession of drug paraphernalia, and manufacture, distribution, or possession with intent to distribute. Id. Tribal court convictions do not contribute criminal history points, nor should they given that some tribes choose not to make conviction records available to federal presentence investigation writers and tribes are not bound to provide Constitutional Due Process protections in tribal court proceedings.

Cordier now seeks a reduction of her sentence as a "zero-point offender" under revisions to the United States Sentencing Guidelines (U.S.S.G.) made effective November 1, 2023. In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in §4C1.1(a), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>     (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>     (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>     (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>     (4) the offense did not result in death or serious bodily injury;
>     (5) the instant offense of conviction is not a sex offense;
>     (6) the defendant did not personally cause substantial financial hardship;

> **(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;**
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See §1B1.10(e)(2) (Nov. 1, 2023).

Cordier fails to meet the criteria for a sentence reduction. Eligibility for a sentence reduction for zero-point offenders requires a defendant to meet each of the subparts of § 4C1.1(a), and Cordier does not meet subpart (a)(7) that "the defendant did not possess . . . a firearm . . . in connection with the offense." Cordier possessed a firearm in the home where methamphetamine and cash were stashed. She received a two-level enhancement as a result. Doc. 42 at 7-9. Thus, she does not qualify for a reduction under U.S.S.G. § 4C1.1 and remains in the group of offenders covered by 21 U.S.C. § 841(b)(1)(B) who must receive a mandatory minimum 120-month sentence.

Even if Cordier did qualify as a zero-point offender, which she does not, her offense level then would lower from 33 to 31. A person with offense level 31 in Criminal History Category I faces a guideline range of 108 to 135 months, and Cordier's 120-month sentence is very near the middle of that range.

Therefore, it is

ORDERED that Cordier's motion for sentence reduction, Doc. 50, is denied.

DATED this 15th day of August, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE